COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          In the matter of J. J. H.

Appellate case number:     01-17-00188-CV

Trial court case number:    12-CJV-017462

Trial court:                          County Court at Law No 4 of Fort Bend County

Appellant, J.J.H., a juvenile, had been previously adjudicated of delinquent conduct for offenses which could require sex offender registration — two counts of indecency with a child by exposure under Texas Family Code Ann. § 54.04 — and the county court at law, sitting as a juvenile court, had entered an agreed order deferring sex offender registration on December 10, 2012.  On March 6, 2017, the county court at law signed a sex offender registration order after deferral order requiring appellant to register as a sex offender for ten years under Texas Code of Criminal Procedure Article 62.351 et seq.  Appellant's pro bono counsel, Jennifer Gaut, timely filed a notice of appeal on March 6, 2017.

J.J.H.'s appellate brief was originally due on May 11, 2017.  On May 12, 2017, appellant's pro bono counsel, Jennifer Gaut, filed a motion requesting a 60-day extension of time to file appellant's brief to July 11, 2017.  The Clerk of this Court granted the motion extending the deadline to file appellant's brief to July 11, 2017, but warned counsel that no further extensions would be granted absent extraordinary circumstances.

On July 11, 2017, appellant's counsel filed a second and final extension request requesting an additional twenty days to file appellant's brief until July 31, 2017.  The Clerk of this Court granted the motion extending the deadline to file appellant's brief to July 31, 2017, but warned counsel that no further extensions would be granted.

Because appellant's brief was not timely filed by July 31, 2017, the Clerk of this Court sent appellant a late-brief notice on August 10, 2017, notifying counsel that the time for filing appellant's brief had expired.  The Clerk's notice further warned counsel that, unless the brief was filed within ten days of that notice, this appeal may be

dismissed for want of prosecution. Counsel again failed to respond and, to date, no brief has been filed on behalf of appellant. Although juvenile delinquencies are civil appeals, according to the clerk's record, the trial court had granted appellant's appointed trial counsel's motion to withdraw, and granted pro bono appellate counsel's motion for a free appellate record because appellant was indigent, all on March 6, 2017. Also, because the sex offender registration order arises under Code of Criminal Procedure Article 62.351 et seq., the Court construes this as a criminal appeal for late-brief abatement purposes. *See* TEX. R. APP. P. 2, 38.8(b)(2).

Accordingly, the Court sua sponte **abates** the appeal and **remands** the case to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office and appellant's counsel, Jennifer Gaut, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

This Court directs the trial court to:
(1) determine whether appellant wishes to prosecute the appeal;
(2) if appellant wishes to prosecute the appeal, determine whether appellant is still indigent;
(3) if appellant is indigent, determine whether good cause exists to relieve Jennifer Gaut of her duties as appellant's counsel;
    a. if good cause exists to remove counsel, enter a written order relieving Jennifer Gaut of her duties as appellant's counsel, and appoint substitute appellate counsel at no expense to appellant;
    b. if good cause does not exist to remove counsel, provide a final deadline by which Jennifer Gaut must file an appellant's brief in this Court, which shall be no more than 20 days from the date of the hearing;
(4) if appellant is not indigent and Jennifer Gaut does not intend to represent appellant on appeal,
    a. determine whether appellant has retained an attorney to represent appellant on appeal, and, if so, obtain the name, address, and telephone number of retained counsel;
    b. if appellant has not retained counsel, admonish appellant of the dangers and disadvantages of self-representation, and
      i. determine whether appellant has knowingly and intelligently

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and appellant's counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

waived appellant's right to counsel; and

ii. determine whether any decision by appellant to proceed pro se is in the best interest of appellant, the State, and the administration of justice;

iii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04 (West 2016); TEX. R. APP. P. 38.6(a); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. Any hearing shall be conducted **within 20 days** of the date of this Order. The trial court clerk is directed to file a supplemental clerk's record including the trial court's findings, recommendations, and orders with this Court no later than **30 days** from the date of this order. The court reporter is directed to file the supplemental reporter's record of the hearing, if any, no later than **30 days** from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than **30 days** from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and, if any, a supplemental reporter's record, complying with this Order is filed with this Court.

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
                   Acting individually

Date: November 16, 2017